U.S. COURTS

2003 SEP 17 AM 10:09

RECD____ FILED____
CAMERON S. BURKE,
CLERK, IDAHO

1  THOMAS E. MOSS
   UNITED STATES ATTORNEY
2  NANCY D. COOK
   ASSISTANT UNITED STATES ATTORNEY
3  DISTRICT OF IDAHO
   205 N. FOURTH STREET, ROOM 306
4  COEUR D'ALENE, IDAHO 83814
   TELEPHONE: (208) 667-6568
5  FAX: (208) 667-0814

CR 03-0209-C-MHW

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,           )   CRIMINAL NO.
                                    )
        Plaintiff,                  )   RULE 11 PLEA AGREEMENT
                                    )
vs.                                 )
                                    )
PLUM CREEK TIMBERLANDS, L.P.,       )
  aka: Plum Creek Timber Company,   )
                                    )
        Defendant.                  )
                                    )

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | PLEA | ............................................................ | 1 |
| | A. | Summary of Terms ..................................... | 1 |
| | B. | Elements of the Misdemeanor ........................ | 2 |
| | C. | Factual Basis ............................................. | 2 |
| | D. | Specific Terms of Plea ................................. | 2 |
| II. | SENTENCING FACTORS ..................................... | | 2 |
| | A. | Maximum and Minimum Penalties ................... | 3 |
| | B. | No Right to Withdraw Plea ........................... | 3 |
| | C. | Fines, Costs, and Restitution ......................... | 3 |
| | D. | Special Assessment .................................... | 3 |
| III. | WAIVER OF APPEAL RIGHTS ............................. | | 4 |
| IV. | CONSEQUENCES OF VIOLATING AGREEMENT ....... | | 4 |
| | A. | Government's Options ................................ | 5 |
| | B. | The Defendant's Waiver of Rights .................. | 6 |
| V. | MISCELLANEOUS ............................................. | | 6 |
| | A. | No Other Terms ........................................ | 6 |
| | B. | Plea Agreement Acceptance Deadline .............. | 7 |
| VII. | UNITED STATES' APPROVAL ............................. | | 7 |
| ACCEPTANCE BY THE DEFENDANT AND COUNSEL ........... | | | |

FILE No.815 09/16 '03 13:08  ID:MOFFATT THOMAS  FAX:2083855384 3  PAGE 5/ 11
09/16/03 TUE 11:06 FAX 406 8    8171  PLUM CREEK  2003   004
SEP-16-2003(TUE) 8:13  MOFFATT

Case 3:03-cr-00209-MHW   Document 2   Filed 09/17/03   Page 3 of 9

I. **PLEA**

A. **Summary of Terms.** Pursuant to Rule 11(e)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead to the two-count Information. More specifically, the parties agree as follows:

Counts 1 and 2 charge the Defendant with violation of 36 C.F.R. § 261.6(a) and 16 U.S.C. § 551, the unauthorized cutting or damaging of timber on the National Forest land.

Upon acceptance of the Defendant's pleas, and the Defendant's full compliance with the other terms of this Agreement, the Government agrees that it will dismiss Violation Notices F122031, F122034, F122036, F122037, F122038, F122039, F122041, F122042, F122044.

B. **Elements of the Misdemeanor.** The elements of the misdemeanor of the unauthorized cutting or damaging timber on National Forest land, as charged in Count 1, are as follows:

1. Beginning in June 2001 and continuing to September 2001,
2. The Defendant cut or otherwise damaged,
3. Timber, tree, or other forest product,
4. On the Clearwater National Forest land,
5. Without authorization by a special-use authorization, timber sale contract, or federal law or regulation.

The elements of the misdemeanor of the unauthorized cutting or damaging of timber on National Forest land, as charged in Count 2, are as follows:

1. Beginning in June 2000 and continuing to October 2002,
2. The Defendant cut or otherwise damaged,
3. Timber, tree, or other forest product,

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

PLEA AGREEMENT - 1

1          4.    On the Clearwater National Forest land,

2          5.    Without authorization by a special-use authorization, timber sale contract, or federal law or regulation.

    C.    **Factual Basis.** If this matter were to proceed to trial, the Government and the Defendant agree that the following facts would be proven beyond a reasonable doubt, which facts accurately represent the Defendant's readily provable offense conduct. This factual summary is not intended to detail all relevant conduct, or cover all specific offense characteristics, which will be determined by the Court.

    **Count 1:** Beginning in June 2001 and continuing to September 2001, Plum Creek Timberlands, L.P., also known as Plum Creek Timber Company, of Missoula, Montana, logged a timber sale called Upper Rock Salvage. This timber sale occurred on Plum Creek Timber Company lands, which is in the Rock Creek area on the Clearwater National Forest land. Logging contractors for Plum Creek Timber Company cut and removed without authorization 1,093 trees from National Forest System lands. The total volume for the 1,093 unauthorized cut and removed trees off National Forest lands is 82.5 MBF with a value of $43,710.16.

    **Count 2:** Beginning in June 2000 and continuing to October 2002, Plum Creek Timberlands, L.P., also known as Plum Creek Timber Company, of Missoula, Montana, caused the use and damage of seventeen tailhold trees on the Clearwater National Forest land. The total volume for the 17 damaged trees is 5.3 MBF with a value of $4,739.64.

    D.    **Specific Terms of Plea.** It is anticipated the Defendant will plead nolo-contender to Counts 1 and 2 of the Information. The United States objects to this plea.

II.    **SENTENCING FACTORS**

    A.    **Maximum and Minimum Penalties.** A violation of the unauthorized cutting or damaging of timber on the National Forest land, as charged in Counts 1 and 2, is punishable by a term of imprisonment of six months, a maximum fine of $5,000 according to 18 U.S.C. §

PLEA AGREEMENT - 2

FILE No.815 09/16 '03 13:08  ID:MOFFATT THOMAS     FAX:2083855384 3     PAGE 7/ 11
09/16/03  TUE 11:07 FAX 406 8  6171        PLUM CREEK
SEP-16-2003(TUE) 8:20  MOFFATT THOMAS

Case 3:03-cr-00209-MHW   Document 2   Filed 09/17/03   Page 5 of 9

3571, and a probationary term of 5 years, and $10.00 special assessment.

B. **No Right to Withdraw Plea.** The Defendant understands that the Court is not bound to follow any recommendations or requests made by the parties. If the Court refuses to follow such recommendations or requests, the Defendant will not be given the opportunity to withdraw his plea.

C. **Fines, Costs, and Restitution.** The parties recommend the Court impose a fine in the amount of $1,000. The parties agree the restitution is for the value of all of the timber in Violation Notices F122030, F122031, F122034, F122036, F122037, F122038, F122039, F122041, F122042, F122043, and F122044. The Defendant agrees to pay restitution to the U.S. Forest Service in the amount of $65,812.26.

D. **Special Assessment.** The Defendant will pay a special assessment of $10.00 per count, in addition to any fine imposed. This assessment will be paid by the Defendant before sentence is imposed, and the Defendant will furnish a receipt at sentencing. Payment is to be made to the United States District Court, Clerk's Office, 205 N. Fourth Street, Room 202, Coeur d'Alene, Idaho 83814.

E. **Probation.** The parties recommend the Defendant be sentenced to a term of two years probation. The Defendant's term of probation will be a specific (i.e., a determinate) term chosen by the Court at sentencing and commences at the time the sentence is imposed by the Court. Violation of any condition of probation may result in the Defendant being prosecuted for contempt of court under 18 U.S.C. § 401(3).

III. **WAIVER OF APPEAL RIGHTS**

The Defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the other terms of this Agreement, the Defendant knowingly and voluntarily gives up (waives) all appeal rights he may have regarding both his conviction and sentence, including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the

PLEA AGREEMENT – 3

1  maximum permitted by statute to which the Defendant filed a proper and timely objection.
2  The Defendant is also aware that under certain circumstances a Defendant has the right
3  to collaterally challenge his sentence through a habeas petition such as a motion pursuant to 28
4  U.S.C. § 2255. Acknowledging this, in exchange for the other terms of this Agreement, the
5  Defendant knowingly and voluntarily gives up (waives) his right to contest his pleas,
6  conviction, or sentence in any post-conviction proceeding, including any proceeding authorized
7  by 28 U.S.C. § 2255, except as to an appeal claiming ineffective assistance of counsel based
8  upon facts discovered *after* the entry of the Defendant's pleas.
9  If the Defendant knowingly violates any of the terms of this agreement, any pleas by the
10  Defendant, and any judgment and/or sentence based thereon, shall remain in full force and
11  effect and will not be the subject of any legal challenge by the Defendant on appeal or collateral
12  attack.
13  The Defendant further understands that nothing in this Plea Agreement shall affect the
14  Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).
15  IV.   **CONSEQUENCES OF VIOLATING AGREEMENT**
16     A.   **Government's Options.** If the Defendant fails to comply with any obligation or
17  promise pursuant to this Agreement, the Government may withdraw from the Agreement in its
18  entirety. In such an event, the Defendant understands that he will not be permitted to withdraw
19  his pleas.
20  The Defendant's violation of this Agreement will also relieve the Government of any
21  obligation not to prosecute the Defendant on other charges, including any Violation Notices
22  dismissed as part of this Agreement, or any other offenses known to the Government for which
23  he is responsible, including perjury and obstruction of justice.
24  The Defendant further understands and agrees that if the Defendant does not enter a
25  valid and acceptable plea, the Government will move to further continue the trial now set. The
26  Defendant agrees not to contest such a continuance. This continuance will be necessary to
27
28  PLEA AGREEMENT - 4

allow the Government adequate time to prepare for trial.

If the Defendant breaches this Agreement after sentence is imposed, the Government will have the right to move to vacate the Defendant's convictions so that such charges may be re-prosecuted.

If there is a dispute regarding the obligations of the parties under this Agreement, the United States District Court shall determine whether the Government or the Defendant has failed to comply with this Agreement, including whether the Defendant has been truthful.

B. **The Defendant's Waiver of Rights.** The Defendant agrees that if the Defendant fails to keep any promise made in this Agreement, the Defendant gives up: (1) the right not to be placed twice in jeopardy for the offenses to which the Defendant entered a plea or which were dismissed under this Agreement; (2) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner for any charge that is brought as a result of the Defendant's failure to keep this Agreement; and (3) the right to be charged within the applicable statute of limitations period for any charge that is brought as a result of the Defendant's failure to keep this Agreement, and on which the statute of limitations expired after the Defendant entered into this Agreement.

Furthermore, the Defendant understands that by entering a plea, if that plea is accepted by the Court, there will be no trial and he will have waived (given up) his right to a trial as well as the following rights associated with a trial: that he has a right to plead not guilty to the offenses charged against him and to persist in that plea; that he has the right to a Court trial; that at trial he would be presumed innocent and the Government would have to prove guilt beyond a reasonable doubt; and that he would have the right to assistance of counsel for his defense; the right to see and hear all the witnesses and have them cross-examined in his defense, the right to decline to testify unless he voluntarily elected to do so in his own defense, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, or if he decided not to testify or put on any evidence, that these facts would not be

PLEA AGREEMENT – 5

1 held against him.
2 The Defendant understands that by pleading he waives (gives up) all of the rights set
3 forth above. The Defendant understands that if he enters a plea, no trial will, in fact, occur and
4 that the only thing remaining to be done in this case is the sentencing hearing, at which only
5 matters concerning the nature of the sentence to be imposed by the Court are to be heard and
6 decided by the Court.
7 V.     **MISCELLANEOUS**
8    A.    <u>No Other Terms</u>. This Agreement incorporates the complete understanding
9 between the parties, and no other promises have been made by the Government to the Defendant
10 or to the attorney for the Defendant. This Agreement does not prevent any Governmental
11 agency from pursuing civil or administrative actions against the Defendant or any property.
12 Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this
13 Agreement does not bind or obligate Governmental entities other than the United States
14 Attorney's Office for the District of Idaho. If requested to do so by the Defendant or his
15 counsel, the Government will bring the Defendant's cooperation and pleas to the attention of
16 other prosecuting authorities.
17    B.    <u>Plea Agreement Acceptance Deadline</u>. This plea offer is explicitly conditioned
18 on acceptance of this plea Agreement no later than 5:00 p.m. on September 16, 2003. It is the
19 Defendant's sole and complete responsibility to notify the U.S. Attorney's Office of the
20 acceptance of this Agreement by the date specified above in order for this offer to be effectively
21 accepted.
22
23
24
25
26
27
28 PLEA AGREEMENT – 6

**VII. UNITED STATES' APPROVAL**

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

THOMAS E. MOSS
UNITED STATES ATTORNEY

By: _____   9-16-03
NANCY D. COOK              DATE
Assistant United States Attorney

**ACCEPTANCE BY THE DEFENDANT AND COUNSEL**

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon the potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, no person has, directly or indirectly, threatened or coerced me to do, or refrain from doing, anything in connection with any aspect of this case, including entering a plea of guilty. I am satisfied with my attorney's advice and representation in this case.

_____   9/16/03
Representative for Plum Creek Timberlands, L.P.   DATE
Defendant

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead as set forth above.

_____   9/16/03
STEPHEN R. THOMAS         DATE
Attorney for the Defendant

PLEA AGREEMENT – 7